IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SANJAYKUMAR NAGINBHAI PATEL      :      CIVIL ACTION
                                 :
        v.                       :
                                 :
JAMAL L. JAMISON, et al.         :      NO. 26-2864

ORDER

AND NOW, this 14th day of May 2026, for the reasons stated Coelho Lopes v. Jamison, No. 26-234, 2026 WL 299991 (E.D. Pa. Feb. 4, 2026), and Cunha v. Freden, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026),[1] it is hereby ORDERED that:

(1)  the Petition for Writ of Habeas Corpus by Sanjaykumar Naginbhai Patel is GRANTED;

(2)  Sanjaykumar Naginbhai Patel is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

(3)  The Government shall RELEASE Sanjaykumar Naginbhai Patel from custody immediately and shall certify compliance with this Order by filing said certification on the docket no later than 2:00 P.M. EST on May 15, 2026;

---

[1]    Respondents continue to cite Buenrostro-Mendez v. Bondi, No. 25-20496, 166 F.4th 494 (5th Cir. Feb. 6, 2026), and Avila v. Bondi, No. 25-3248, 170 F.4th 1128 (8th Cir. Mar. 25, 2026). This court respectfully disagrees with the holdings in both decisions.

(4)   The Government is temporarily enjoined from re-detaining Sanjaykumar Naginbhai Patel for seven days following his release from custody;

(5)   If the Government chooses to pursue re-detention of Sanjaykumar Naginbhai Patel after that seven-day period, it must first provide him with a bond hearing under 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

(6)   Pending the ordered bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Sanjaykumar Naginbhai Patel from the Eastern District of Pennsylvania before the ordered bond hearing.  If the immigration judge determines that Sanjaykumar Naginbhai Patel is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from the undersigned to move Sanjaykumar Naginbhai Patel if unforeseen or emergency circumstances arise that require him to be removed from the District.  Any such request must include an explanation for the request as well as a proposed destination.  The Court will then determine whether to grant the request and to permit his transfer; and

2

(7) The clerk of Court shall mark this case CLOSED.

BY THE COURT:

/s/ Harvey Bartle III
                              J.